**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
**AT MILWAUKEE**

| | |
|---|---|
| MATHEW ROGERS, individually on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BASEMENT BROS LLC, *doing business as:* EVERYTHING UNDER ONE ROOF,<br><br>Defendant. | No. 2:26-cv-01307-LA<br><br>Honorable Judge Lynn Adelman |

**PARTIES' JOINT RULE 26(f) REPORT AND DISCOVERY PLAN**

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16, Plaintiff Mathew Rogers ("Plaintiff") and Defendant Basement Bros LLC d/b/a Everything Under One Roof ("Defendant") (together with Plaintiff, the "Parties"), by and through counsel, certify that they have conferred at least 21 days before the Fed. R. Civ. P. 16(b) scheduling conference, scheduled for October 20, 2026 at 10:30 a.m. CT, and submit the following Joint Report and Discovery Plan reflecting the result of that conference and their respective positions with respect to the items below.

**1. Local Civil Rule 16**

**A. Nature of the Case**

*Plaintiff's Statement:* In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In doing so, Congress recognized that "[u]restricted telemarketing…can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227). The TCPA prohibits the use of artificial or prerecorded voices when calling cellular telephone numbers. 47 U.S.C. §

227(b)(1)(A)(iii). The term "telephone solicitation" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services[.]" 47 C.F.R. § 64.1200(f)(15).

Plaintiff alleges that Defendant made unsolicited prerecorded voice calls to his residential telephone number. Plaintiff further alleges that such calls were made without his consent and sues on behalf of a proposed nationwide class of other persons who received similar solicitations.

*Defendant's Statement:* Defendant is a small business and roofing company that hired a third-party vendor to complete certain marketing calls for a period of few weeks in April 2026. Defendant denies liability for the allegations in Plaintiff's complaint, including but not limited to the class allegations.

**B. Contemplated Motions**

Plaintiff anticipates filing a Motion for Class Certification. Defendant anticipates filing a motion for summary judgment and motions *in limine,* including but not limited to a motion to exclude Plaintiff's expert(s).

**C. Parties' Discovery Plan**

The Parties do not have any disputes regarding discovery at this time.

Plaintiff anticipates that discovery will be needed on the requisites of Fed. R. Civ. P. 23 in order to support his anticipated motion for class certification as well as the merits of his claims under the TCPA, 47 U.S.C. § 227(b), in order to adequately prepare for trial, or oppose any summary judgment motion that Defendant may file. Plaintiff will seek from the Defendant, or third parties retained on its behalf, (1) ESI regarding the prerecorded calls placed in this case and any purported leads related thereto; (2) email and other communications related to telemarketing and any relationship with a vendor who made prerecorded calls for the Defendant; (3) ESI related to

any purported consent to receive telemarketing complaints received; (4) Defendant's policies and procedures concerning TCPA compliance; and (5) telemarketing complaints received by Defendant and their responses thereto.

Defendant anticipates discovery related to the allegations in Plaintiff's complaint including but not limited to copies of any communications with Defendant or Defendant's customers or vendors.

The Parties propose the following discovery schedule:

| | |
|---|---|
| **Amend the Pleadings** | January 26, 2027 |
| **Class Certification** | Proponent by: May 18, 2027<br><br>Respondent by: June 15, 2027<br><br>Reply in support: July 13, 2027 |
| **Completion of Fact Discovery** | July 13, 2027 |
| **Expert Disclosures** | Proponent by: June 15, 2027<br><br>Respondent by: July 13, 2027<br><br>Completion of expert depositions by August 10, 2027<br><br>Motion to exclude experts: September 14, 2027<br><br>Oppositions to motion to exclude experts: October 12, 2027<br><br>Reply in support: October 26, 2027 |
| **All Discovery Motions** | By January 13, 2028 |
| **Completion of all Discovery** | November 9, 2027 |
| **Dispositive Motions** | Proponent by: November 16, 2027<br><br>Respondent by: December 14, 2027<br><br>Reply in support: December 28, 2027 |
| **Settlement Conference** | January 2028; to be determined by court |
| **Trial** | March 2028; to be determined by the Court. |

**D. Electronically Stored Information**

The Parties anticipate conducting discovery of electronically stored information. The Parties will meet and confer regarding the protocol to be applied, including the adoption of a protective order to ensure confidential information and phone numbers are adequately protected.

**E. Privilege**

The Parties anticipate no unusually complex privilege issues. The Parties will make claims of privilege or of protection of trial preparation materials at the time of production, which will be accompanied by a privilege log. The Parties agree to comply with Fed. R. Evid. 502 regarding the inadvertent disclosure of privileged information.

**F. Settlement Discussions**

The Parties have not yet engaged in settlement discussions.

**G. Subject Matter Jurisdiction**

The Parties agree that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the TCPA, 47 U.S.C. § 227.

**H. Fed. R. Civ. P. 26(a)(1)(B) and 26(f) Exemptions**

The Parties agree that this case is not exempted from initial disclosures and discovery conference under Fed. R. Civ. P. 26(a)(1)(B) and 26(f).

**I. Issues for Scheduling Final Disposition**

The Parties do not anticipate any issues affecting further scheduling of the case for final disposition.

**2. Fed. R. Civ. P. 26(f)**

**A. Initial Disclosures**

The Parties have not yet exchanged initial disclosures and will do so within 14 days after their Rule 26(f) conference, or by October 6, 2026, pursuant to this Court's September 9, 2026, Order (ECF 12).

**B. Subjects, Timing, and Potential Phasing of Discovery**

See above, section 1(C).

**C. Electronically Stored Information**

See above, section 1(D).

**D. Privilege Issues**

See above, section 1(E).

**E. Proposed Limitations on Discovery**

The Parties intend to follow the provisions of the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Wisconsin regarding limitations on discovery. Neither party, however, waives the right to limit or seek leave to exceed these limits, if necessary, as the case proceeds. Should discovery show the need to limit or exceed any discovery limits, the Parties will attempt to reach an agreement on the scope of the discovery before seeking leave of Court to limit or exceed any discovery limits.

**F. Need for any Discovery Related Orders**

The Parties anticipate adopting a protective order to prevent the public disclosure of confidential business information and phone numbers.

*[Counsel signatures to follow on next page.]*

JOINTLY SUBMITTED this 6th day of October, 2026.

*<u>/s/ Samuel J. Strauss</u>*
Samuel J. Strauss
Andrew G. Gunem
**STRAUSS BORRELLI PLLC**
980 N Michigan Ave Ste 1610
Chicago, IL 60611-7502
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
sam@straussborrelli.com
agunem@straussborrelli.com

*Counsel for Plaintiff and Proposed Class*

*<u>/s/ Steven R. Beckham</u>*
Steven R. Beckham
Kelly Noyes
**VON BRIESEN & ROPER, S.C.**
411 East Wisconsin Avenue, Suite 1000
Milwaukee, WI 53202
Telephone: (414) 287-1292
Facsimile: (414) 238-6434
steven.beckham@vonbriesen.com
kelly.noyes@vonbriesen.com

*Counsel for Basement Bros LLC* d/b/a *Everything Under One Roof*

**<u>CERTIFICATE OF SERVICE</u>**

I, Samuel J. Strauss, hereby certify that on October 6, 2026, I caused the foregoing to be electronically filed with the Court using the Court's CM/ECF system which will send an electronic copy to all parties and/or their counsel of record.

DATED this 6th day of October, 2026.

Respectfully submitted,

*<u>/s/ Samuel J. Strauss</u>*

Samuel J. Strauss
**STRAUSS BORRELLI PLLC**
980 N Michigan Ave Ste 1610
Chicago, IL 60611-7502
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
sam@straussborrelli.com