# — EXHIBIT A —

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
AT MILWAUKEE

| | |
|---|---|
| MATHEW ROGERS, individually on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BASEMENT BROS LLC, *doing business as:* EVERYTHING UNDER ONE ROOF and FUNNEL PROS LLC *doing business as:* NONSTOP AUTOMATION LLC,<br><br>Defendants. | No. 2:26-cv-01307-LA<br><br>Honorable Judge Lynn Adelman |

**FIRST AMENDED CLASS ACTION COMPLAINT**
**JURY TRIAL DEMANDED**

1. Mathew Rogers ("Plaintiff"), through his attorneys, individually and on behalf of all others similarly situated, brings this Class Action Complaint against Basement Bros LLC d/b/a Everything Under One Roof ("Basement Bros") and Funnel Pros LLC d/b/a Nonstop Automation LLC ("Nonstop") (collectively, "Defendants").

2. This class action arises from Defendants' violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, through the use of artificial or prerecorded voices to place unsolicited telemarketing calls to consumers.

3. Basement Bros markets and sells home improvement and construction services, including roofing services.

4. To promote those services, Basement Bros retained Nonstop to conduct outbound telemarketing campaigns on its behalf.

5. Nonstop conducted the calling campaign using telephone numbers obtained from lead lists supplied by Basement Bros and calling technology that included artificial-intelligence voice capabilities.

6. Plaintiff brings this class action on behalf of himself and all others who received unlawful artificial or prerecorded voice calls made by Nonstop for or on behalf of Basement Bros.

7. Plaintiff seeks to hold Nonstop directly liable for its participation in initiating and making the unlawful calls and Basement Bros liable for the calls made on its behalf through its authorized telemarketing campaign.

## PARTIES

8. Plaintiff, Mathew Rogers, is a natural person and a citizen of Palm Springs, California. He is domiciled in California.

9. Defendant Basement Bros, LLC d/b/a Everything Under One Roof is a Wisconsin limited liability company with its registered agent (Scott Matson) located at 2410 E. Oakwood Road, Oak Creek, Wisconsin, 53154-2339.

10. Defendant Funnel Pros LLC d/b/a Nonstop Automation LLC ("Nonstop") is, upon information and belief, a limited liability company that provides telemarketing, artificial-intelligence voice calling, and marketing automation services to businesses throughout the United States, including Basement Bros.

## JURISDICTION AND VENUE

11. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the TCPA, 47 U.S.C. § 227.

12. This Court has personal jurisdiction over Defendant Basement Bros because it is a Wisconsin limited liability company headquartered in Wisconsin, regularly conducts business in Wisconsin, and has sufficient minimum contacts with Wisconsin.

13. This Court has specific personal jurisdiction over Defendant Nonstop because Nonstop purposefully established and maintained a commercial relationship with Basement Bros, a Wisconsin business, to conduct telemarketing campaigns promoting Basement Bros' home improvement and roofing services.

14. In furtherance of that relationship, Nonstop communicated with Basement Bros in Wisconsin, received lead information and calling instructions from Basement Bros, and developed and operated a telemarketing campaign intended to generate business for Basement Bros in Wisconsin.

15. Plaintiff's claims arise out of and relate to Nonstop's performance of that telemarketing campaign. Nonstop's contacts with Wisconsin were not random, isolated, or fortuitous, but arose from its deliberate undertaking to provide telemarketing services to a Wisconsin business for the purpose of soliciting prospective customers for that business.

16. Exercising personal jurisdiction over Nonstop comports with traditional notions of fair play and substantial justice because Nonstop deliberately undertook the business activities giving rise to Plaintiff's claims in connection with its commercial relationship with Basement Bros in Wisconsin.

17. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, including Basement Bros' retention and supervision of Nonstop and the development and implementation of the telemarketing campaign at issue.

## BACKGROUND

***The Telephone Consumer Protection Act***

18. Congress enacted the Telephone Consumer Protection Act ("TCPA") to combat "the proliferation of intrusive, nuisance calls to consumers and businesses from telemarketers." *Facebook, Inc. v. Duguid*, 592 U.S. 395, 399 (2021) (internal quotation omitted).

19. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 591 U.S. 610, 613 (2020).

20. As used herein, "TCPA" refers to both the federal statute 47 U.S.C. § 227 *et seq.* and its implementing regulations 47 C.F.R. § 64.1200 *et seq.*

21. The TCPA establishes a "private right of action" whereby persons can seek both injunctive and monetary relief. 47 U.S.C. § 227(b)(3).

22. For damages, the TCPA provides "$500 in damages for each such violation[.]" 47 U.S.C. §§ 227(b)(3) and (c)(5). However, the TCPA provides treble damages of $1,500 for each "willful" or "knowing" violation. *Id.*

23. The TCPA prohibits the use of artificial or prerecorded voices when calling cellular telephone numbers. 47 U.S.C. § 227(b)(1)(A)(iii).

24. Telemarketing is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to a person." 47 C.F.R. § 64.1200(f)(13).

25. The term "telephone solicitation" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services[.]" 47 C.F.R. § 64.1200(f)(15).

26. The Supreme Court is clear that text messages are "calls" under the TCPA. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016) ("A text message to a cellular telephone, it is undisputed, qualifies as a 'call' within the compass of [the TCPA].").

27. The TCPA prohibits the use of artificial or prerecorded voices when calling cellular telephone numbers. 47 U.S.C. § 227(b)(1)(A)(iii).

***Plaintiff Mathew Rogers***

28. Plaintiff Rogers is an individual and a "person" under the meaning of 47 U.S.C. § 153(39).

29. Plaintiff's residential telephone number is 608-774-XXXX (the "telephone number").

30. To avoid unsolicited telemarketing calls, Plaintiff personally placed his telephone number on the National Do-Not-Call Registry on January 22, 2007. Since then, Plaintiff has not removed his telephone number from the National Do-Not-Call Registry.

31. Plaintiff uses his telephone number for personal, residential, and household purposes (such as calling friends, family, and scheduling personal appointments).

32. Plaintiff has not used his telephone number for business purposes.

33. Plaintiff has not associated his telephone number with any business.

34. Plaintiff has been the sole owner (i.e., user) of his telephone number for approximately the past ten (10) years.

35. During this time period, Plaintiff has been the sole remunerator (i.e., payer) for any bills arising from his telephone number.

36. Plaintiff has never received a reimbursement from any business for his telephone number.

37. Plaintiff has never taken a business-related tax-deduction for his telephone number.

38. Plaintiff maintains a separate business telephone number of [number withheld]. That telephone number is not the subject of this litigation.

39. Plaintiff is not and has never been a customer of either Defendant.

40. Plaintiff has never had a business relationship with either Defendant.

41. Plaintiff never provided his telephone number to either Defendant.

42. Plaintiff has never provided either Defendant with consent to place telemarketing calls using an artificial or prerecorded voice to his telephone number.

***Defendants' Telemarketing Campaign.***

43. Defendant Basement Bros is a home improvement and residential construction business that provides home improvement services, including basement, kitchen, and bathroom remodeling, as well as roofing services.

44. Basement Bros markets and sells home improvement and construction services to residential consumers.

45. To promote its services, Basement Bros retained Defendant Nonstop to conduct outbound telemarketing campaigns on its behalf.

46. Nonstop is a telemarketing and marketing automation company that provides businesses with automated calling technology, including artificial-intelligence voice calling capabilities.

47. In connection with the telemarketing campaign, Basement Bros obtained lead information from Extreme Weather Predictions LLC d/b/a HailTrace, including homeowners' names, addresses, and telephone numbers.

48. Basement Bros provided the lead information to Nonstop for use in conducting outbound telemarketing calls promoting Basement Bros' services.

49. Nonstop used artificial or prerecorded voice technology in conducting the telemarketing campaign.

50. Basement Bros participated in developing the scripts used by Nonstop to solicit prospective customers.

51. Basement Bros maintained access to an online portal through which it monitored Nonstop's calling activities, including the dates of calls, consumer responses, and campaign results.

52. Basement Bros provided instructions concerning the telephone numbers that Nonstop should contact.

53. Basement Bros retained authority to direct and supervise aspects of the telemarketing campaign, including the development of calling scripts and the selection of telephone numbers to be contacted.

54. Nonstop initiated and placed telemarketing calls on behalf of Basement Bros, while Basement Bros authorized, directed, supervised, and benefited from the campaign.

55. Accordingly, Nonstop is directly responsible for the unlawful calls it initiated or placed, and Basement Bros is responsible for calls made by Nonstop within the scope of its actual authority and on Basement Bros' behalf.

## CLASS ACTION ALLEGATIONS

56. Plaintiff brings this class action under Fed. R. Civ. P. 23(a), 23(b)(2), and 23(b)(3), individually and on behalf of the following class (the "Class"):

> **Prerecorded Voice Class**: All persons in the United States (1) whose cellular telephone numbers (2) received one or more telephone calls initiated or placed by Nonstop Automation LLC for or on behalf of Basement Bros LLC d/b/a Everything Under One Roof (3) within four years prior to the commencement of this litigation through the date of trial, (4) using an artificial or prerecorded voice, and (5) without the recipient's prior express consent.

57. Excluded from the Class are Defendants, their agents, affiliates, parents, subsidiaries, any entity in which either Defendant has a controlling interest, any officer or director of either Defendant, any successor or assign of either Defendant, and any Judge who adjudicates this case, including their staff and immediate family.

58. Plaintiff reserves the right to amend the class definition based on information obtained through discovery.

59. Plaintiff and Class Members constitute a well-defined community of interest because they are similarly situated persons who received artificial or prerecorded voice telemarketing calls initiated or placed by Nonstop for or on behalf of Basement Bros.

60. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims using common evidence concerning Defendants'

telemarketing campaign, including the calling technology, scripts, lead information, campaign records, and Defendants' respective roles in initiating, authorizing, and supervising the calls.

61. **Numerosity**. The Class Members are so numerous that joinder of all Class Members is impracticable. Upon information and belief, the proposed Class includes at least several thousand members. Defendants conducted an outbound telemarketing campaign using lead lists containing the telephone numbers of prospective customers, and the campaign was designed to contact large numbers of consumers.

62. **Typicality**. Plaintiff's claims are typical of those of Class Members because they arise from the same telemarketing campaign conducted by Nonstop on behalf of Basement Bros, involve the use of artificial or prerecorded voice technology, and concern Defendants' common practices in initiating and authorizing those calls.

63. **Adequacy**. Plaintiff will fairly and adequately protect the proposed Class's common interests. His interests do not conflict with those of Class Members. Plaintiff's counsel has substantial experience in complex class action litigation and expertise in TCPA litigation.

64. **Commonality and Predominance.** Plaintiff's and the Class's claims raise common questions of fact and law that predominate over questions affecting individual Class Members. These questions can be answered through common evidence concerning the telemarketing campaign conducted by Nonstop for Basement Bros, including:

65. Whether Nonstop initiated or placed telemarketing calls to Plaintiff and Class Members;

66. Whether the calls utilized an artificial or prerecorded voice;

67. Whether the calls were made for the purpose of soliciting the purchase of Basement Bros' products or services;

68. Whether Basement Bros authorized Nonstop to conduct the telemarketing campaign and exercised control over its activities;

69. Whether Nonstop acted with actual authority from Basement Bros when initiating or placing the calls;

70. Whether Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii);

71. Whether Defendants' violations were willful or knowing;

72. Whether Plaintiff and Class Members are entitled to statutory or treble damages; and

73. Whether Defendants should be enjoined from further violations of the TCPA.

74. **Superiority**. A class action will provide substantial benefits and is superior to all other available means for the fair and efficient adjudication of this controversy. The damages suffered by individual Class Members are relatively small compared to the burden and expense of pursuing individual litigation against Defendants. Individual actions would require duplicative discovery concerning Nonstop's calling technology, the telemarketing campaign, and the relationship between Defendants. Resolving these common issues in a single proceeding will promote judicial economy, avoid inconsistent judgments, and provide an efficient means of obtaining relief for Class Members.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(d)**
(On Behalf of Plaintiff and the Prerecorded Call Class)

95. Plaintiff incorporates by reference the foregoing allegations as though fully set forth herein.

96. Defendant Nonstop initiated and placed telephone calls to Plaintiff and members of the Prerecorded Voice Class using an artificial or prerecorded voice.

97. The calls were made to cellular telephone numbers for the purpose of soliciting consumers to purchase home improvement and roofing services offered by Defendant Basement Bros.

98. Neither Plaintiff nor the members of the Prerecorded Voice Class provided the requisite prior express consent to receive the artificial or prerecorded voice calls at issue.

99. The calls were not made for emergency purposes and were not otherwise exempt from the TCPA's prohibition against artificial or prerecorded voice calls.

100. Nonstop directly violated 47 U.S.C. § 227(b)(1)(A)(iii) by initiating and placing the unlawful artificial or prerecorded voice calls to Plaintiff and the Prerecorded Voice Class.

101. Basement Bros retained Nonstop to conduct the telemarketing campaign, supplied the lead information used for the campaign, participated in developing the calling scripts, provided instructions concerning the telephone numbers to be contacted, and monitored Nonstop's calling activities.

102. Nonstop acted with actual authority from Basement Bros when conducting the telemarketing campaign, including when initiating and placing artificial or prerecorded voice calls to Plaintiff and the Prerecorded Voice Class.

103. Basement Bros is vicariously liable for Nonstop's violations of 47 U.S.C. § 227(b)(1)(A)(iii) because Nonstop initiated and placed the unlawful calls while acting within the scope of its actual authority from Basement Bros.

104. Defendants' violations of the TCPA were willful or knowing, entitling Plaintiff and the Prerecorded Voice Class to treble statutory damages under 47 U.S.C. § 227(b)(3).

105. Plaintiff and the Prerecorded Voice Class seek statutory damages of $500 for each violation of 47 U.S.C. § 227(b)(1)(A)(iii), or $1,500 for each willful or knowing violation.

106. Plaintiff and the Prerecorded Voice Class also seek injunctive relief prohibiting Defendants from engaging in further violations of 47 U.S.C. § 227(b)(1)(A)(iii).

## PRAYER FOR RELIEF

Plaintiff and Class Members respectfully request judgment against Defendant and that the Court enter an order:

A. Certifying this case as a class action on behalf of Plaintiff and the Class, appointing Plaintiff as Class Representative and appointing his counsel to represent the Class;

B. Awarding statutory damages to Plaintiff and Class Members;

C. Providing the injunctive relief requested herein; and

D. Granting such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial for all claims so triable.

RESPECTFULLY SUBMITTED this 25th day of November, 2026.

*/s/ Samuel J. Strauss*
Samuel J. Strauss
Andrew G. Gunem
**STRAUSS BORRELLI PLLC**
980 N Michigan Ave Ste 1610
Chicago, IL 60611-7502
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
sam@straussborrelli.com
agunem@straussborrelli.com

*Counsel for Plaintiff and Proposed Class*

## CERTIFICATE OF SERVICE

I, Samuel J. Strauss, hereby certify that on November 25, 2026, I caused the foregoing to be electronically filed with the Court using the Court's CM/ECF system which will send an electronic copy to all parties and/or their counsel of record.

DATED this 25th day of November, 2026.

Respectfully submitted,

*/s/ Samuel J. Strauss*

Samuel J. Strauss
Andrew G. Gunem
**STRAUSS BORRELLI PLLC**
980 N Michigan Ave Ste 1610
Chicago, IL 60611-7502
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
sam@straussborrelli.com
agunem@straussborrelli.com

*Counsel for Plaintiff and Proposed Class*